UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                        Chapter 15

SolarWorld Industries Sachsen GmbH,          Case No. 17-48723

              Debtor.                                         Hon. Mark A. Randon

_____/

## INTERIM ORDER RECOGNIZING FOREIGN MAIN PROCEEDING

This matter is before the Court on Debtor's Petition for Recognition of Foreign

Proceeding.  The Court heard argument on August 14, 2017.

Section 1517(a) of the Bankruptcy Code provides that the court shall, after notice and a

hearing, enter an order recognizing a foreign main proceeding if:

> (1)     such foreign proceeding for which recognition is sought is a foreign main
>         proceeding ...within the meaning of §1502.
>
> (2)     the foreign representative applying for recognition is a person or body;
>         and
>
> (3)     the petition meets the requirements of section §1515.

Section 1502 defines "foreign main proceeding" as a foreign proceeding pending in the

country where the debtor has the center of its main interests.  Section 1516(c) indicates that in

the absence of evidence to the contrary, the debtor's registered office is presumed to be the

center of the debtor's main interests.  Debtor's registered office is in Germany.  Because the

presumption was not rebutted, the Court finds that the center of the Debtor's main interests in

Germany.  As the foreign proceeding is pending in Germany, the Court finds that the definition

1

of "foreign main proceeding" under §1502 is met.

Under Section 1515(b), a petition for recognition shall be accompanied by:

(1)    a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

(2)    a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

(3)    in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

The Court reviewed certified documents from the Bonn District Court in Bonn, Germany as well as documents submitted by Mr. Holger Reetz, as foreign representative and Mr. Horst Piepenburg, as provisional insolvency administrator appointed by the Bonn District Court, and finds under §1515(b)(3) that the evidence is acceptable as existence of the foreign proceeding and appointment of the foreign representative.

For these reasons, and for the reasons stated on the record, the Court finds that:

(1)    The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1501(b);[1]

(2)    The Debtor has assets in the United States, in the form of patents in the Debtor's name, pending patent applications, and an unused retainer paid to Debtor's United States Counsel;

(3)    The Petition meets the requirements of 11 U.S.C. § 1515; and

(4)    The foreign proceeding in Germany is **RECOGNIZED AS A FOREIGN MAIN PROCEEDING** within the meaning of 11 U.S.C. § 1502.

This Order is entered on an interim basis; Debtor must serve this Order on all creditors

---

[1]After consideration, the Court determined that judicial economy and the convenience of the parties was not better served by transfer to the Bankruptcy Court in Bay City, Michigan.

2

listed on the Creditor Matrix.  Creditors who were not given timely notice of the Recognition

Hearing held August 14, 2017, will be given until **_September 11, 2017_**, to object.  If no

objections are received, this Order will become final.

**IT IS ORDERED.**

**Signed on August 14, 2017**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**

3